IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

XAVIER STANLEY EXUM            :
                               :
    v.                         :   Civil Action No. DKC 17-0660
                                   Criminal Case No. DKC 13-0320
                               :
UNITED STATES OF AMERICA       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to vacate sentence under 28 U.S.C. § 2255 filed by Petitioner Xavier Stanley Exum. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied and a certificate of appealability will not issue.

Petitioner was convicted, after a jury trial, of being a felon in possession of a firearm and ammunition, and sentenced to 78 months imprisonment followed by 3 years of supervised release. In his § 2255 motion to vacate, he raises a claim of ineffective representation by counsel. He asserts that he was deprived of effective assistance during plea negotiations.

**I.  Standard of Review**

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).  A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978).  But if the § 2255 motion, along with the files and records of the case, conclusively show that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255(b).

To prevail on an ineffective assistance of counsel claim, Petitioner needs first to show that "counsel's efforts were objectively unreasonable when measured against prevailing professional norms.  Second, the [Petitioner] must demonstrate that counsel's performance, if deficient, was also prejudicial.  This generally requires the [Petitioner] to demonstrate by a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."  *Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005) (internal citations omitted).  In evaluating objective unreasonableness, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

In a pair of cases decided in 2012, the Supreme Court of the United States explained how the Strickland test applies in the guilty plea process. First, in *Missouri v. Frye*, 566 U.S. 134, 145 (2012), the Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Furthermore, the Court stated:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Cf. Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance").

*Id.* at 147. In the second case, *Lafler v. Cooper*, 566 U.S. 156 (2012), the Court dealt with a slightly different scenario: when a "favorable" plea offer is communicated, but rejected based on advice of counsel. There, the defendant went to trial and was convicted, receiving a harsher sentence than that offered in the

3

rejected plea offer. The parties agreed that the attorney's advice was deficient, and the Court determined what constituted prejudice, and what remedy would be appropriate. As to prejudice, the Court determined:

> To establish *Strickland* prejudice a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. 2052. In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice. See *Frye, ante*, at 1388–1389, 132 S.Ct. 1399 (noting that *Strickland's* inquiry, as applied to advice with respect to plea bargains, turns on "whether 'the result of the proceeding would have been different'" (quoting *Strickland*, supra, at 694, 104 S.Ct. 2052)); see also [*Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)] ("The. . . 'prejudice,' requirement. . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process"). In *Hill*, when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Ibid*.
>
> In contrast to Hill, here the ineffective advice led not to an offer's acceptance but to its rejection. Having to stand trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution

4

>would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 566 U.S. at 163–64.

## II. Analysis

Petitioner asserts that trial counsel misadvised him concerning the available evidence to establish his guilt beyond a reasonable doubt at trial and grossly misrepresented the advisory guideline range of imprisonment triggered by his potential conviction at trial. He then claims that he rejected a plea offer based on that misadvice. It seems, though, that Petitioner is mistaken about the actual plea offer and the range that the Government would have accepted. Thus, he has not shown that there was a more favorable plea offer that he would have accepted, and his claim fails.

The only actual written offer presented to Petitioner came in early July 2013. That offer expired on July 31, 2013. At that time, Petitioner was represented by an assistant public defender, and Petitioner does not challenge that phase of his representation. That offer contemplated a base offense level of 26 under United States Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(1) because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and at the time, it was

believed that Petitioner had at least two felony convictions of a crime of violence or a controlled substance offense.  It also contemplated application of the 4-level enhancement because the firearm was possessed in connection with another felony offense (the "drug bump" in Petitioner's parlance.).

Petitioner contends, however, that he continued to discuss the possibility of a plea with newly retained counsel, and that those discussions were aided by a chart delineating the possible guideline ranges.  Petitioner filed, eventually, two documents that he claims were constructed by counsel to demonstrate the guideline differences.  The first is ECF No. 104-2, and it parallels the guidelines in the written plea offer.  The second is ECF No. 116-1.  It differs from the written plea offer in that the base offense level was reduced to 22 because he had only one prior conviction for a crime of violence.  Thus, the ranges for all scenarios (the plea agreement with the drug bump, the plea agreement without the drug bump, and without plea agreement and loss at trial) are reduced accordingly.  The range for a plea agreement without the drug bump is 37 to 46 months.  In a letter addressed to the court after sentencing and dated March 20, 2014, and relied on by Petitioner to show that he would have accepted a plea offer, (ECF No. 116-2), Petitioner stated that his attorney told him his guidelines would be 51 to 63 months because the drug bump would not apply because he was not separately charged with

6

drugs.  He concluded the letter: "I would've **Never** turned down 36 months knowing that there's a chance I could get 97 months."

Petitioner did not plead guilty; he went to trial.  After he was found guilty, the presentence report found the base offense level to be 22 because the defendant only had one prior conviction for a crime of violence.  Based on the two documents supplied by Petitioner, the court concludes that the parties apparently had realized prior to trial that the base offense should be 22, and not 26, based on his criminal history.  Thus, the court will assume, for purposes of this motion, that the Government would have agreed to a plea with stipulated guidelines of base offense level 22, with a 4-level increase for possessing the firearm in connection with another felony offense (again, Petitioner refers to this increase as the drug bump).  However, there is simply no support for any contention that the Government would have entertained a plea agreement without the 4-level increase for the drug bump.  Thus, prior to acceptance of responsibility, the offense level would have been 26.

Petitioner does not contend that he failed to understand the effect on the guidelines of pleading guilty and accepting responsibility, namely a 3-level downward adjustment.  While he claims to have thought the drug bump would not apply, based on counsel's erroneous advice, that simply does not matter.  While the advice might have been wrong, because the 4-level increase for

7

the drug bump did apply, the Government never indicated that it would agree to delete it from the plea offer.

Petitioner wrote to the court shortly after the sentencing, stating that he would have accepted a plea to 3 years if he had known he faced 78 to 97 months after trial. But, he was never offered a plea to 3 years. The Government always contended that the 4-level enhancement for another felony offense applied and there is no evidence that it would have agreed to delete it from a plea agreement.

Thus, Petitioner has not shown that there was a viable plea offer for three years that he would have accepted but for counsel's erroneous advice, either as to the strength of the Government's case or the applicable guidelines. In effect, he has not shown prejudice.[1]

**III. Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's

---

[1] There is a dispute of fact between Petitioner's and counsel's declarations about any discussion of the strength of the Government's case and the likelihood of conviction at trial. That dispute is immaterial, however, for the same reasons: Petitioner has not shown that he would have accepted the July 2013 plea offer that had been available regardless.

earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Petitioner has not satisfied this standard.  Accordingly, a certificate of appealability will not issue.

    A separate order will follow.

                                           /s/
                              DEBORAH K. CHASANOW
                              United States District Judge